AMOS W. HAZARD, Admr., *vs.* JAMES COYLE, Exr.

PROVIDENCE—JULY 30, 1904.

PRESENT: Tillinghast, Douglas, and Blodgett, JJ.

(1) *Trusts. Compensation.*

Where the relation of trustee and *cestui que trust* exists, compensation for services rendered by the trustee must be sought exclusively in equity and not at law.

ASSUMPSIT to recover for services rendered by plaintiff's intestate upon property as trustee. Heard on petition of defendant for new trial, and petition granted.

BLODGETT, J. In the case of *Amos W. Hazard, Administrator*, v. *James Coyle, Executor*, reported in 22 R. I. 435, it was held that that matter was of equitable jurisdiction, the court saying: "It appears that the respondent's testator, George B. Hazard, conveyed certain real estate to the complainant's intestate in 1888 without consideration, upon the understanding or trust that Rowland was to hold the same for the benefit of said George, the latter taking mortgages on the property, securing promissory notes from Rowland to him, to insure the performance of the trust."

(1)   Inasmuch as the property in question was the property upon which the services are claimed to have been rendered which constitute the cause of action in the present case, it is manifest that it is *res adjudicata*, that the relations between the parties during the period of this arrangement constituted the relation of trustee and *cestui que trust*. And it is equally clear that compensation for such services so rendered must be sought exclusively in equity and not at law. 2 Beach on Trustees, pp. 1684, 1685, and cases cited. An additional reason exists from the fact that the compensation of a trustee is not determined upon the principle of specific compensation for services rendered, as is the rule in an action upon a *quantum meruit* in assumpsit, but rather upon commissions on yearly income and upon a consideration of other elements than those which are controlling in the latter form of action. 2 Beach on Trustees, p. 1687; 2 Perry on Trusts, § 919; *Gould* v. *Hays*, 25 Ala. 426–431.

Upon the termination of the trust it is conceded that the title to a portion of the property was conveyed to James Coyle individually, and the remainder to James Coyle, trustee for George B. Hazard; and it of course follows that the liability, if any, for such services as were rendered by plaintiff upon the property thereafter must be enforced against Coyle individually, or as trustee, and not against Coyle, executor.

It follows that the plaintiff is not entitled to recover in this action for services rendered during the whole period included in his bill of particulars, viz., from June 1, 1887, to August 1, 1893, but only for such definite services as he shall specifically prove were rendered at the request of George B. Hazard upon property not included in the trust and prior to its creation, if, indeed, the gratuitous conveyance by George to Rowland in 1887 of the premises which the latter occupied and rented for about four hundred and fifty dollars per annum shall not appear upon the retrial to have been an anticipatory payment therefor, or to have been made voluntarily upon the expectation of being the beneficiary and devisee of George B. Hazard.

In *Osborn* v. *Guy's Hospital*, 2 Strange, 728, it is said: "The plaintiff brought a *quantum meruit pro opere et labore* in trans-

acting Mr. Guy's stock affairs in the year 1720. It appeared he was no broker, but a friend; and it looked strongly, as if he did not expect to be paid, but to be considered for it in his will. And the chief justice directed the jury, that if that was the case, they could not find for the plaintiff, though nothing was given him by the will: for they should consider how it was understood by the parties at the time of doing the business, and a man who expects to be made amends by a legacy, can not afterwards resort to his action."

See also Keener on Quasi-Contracts, p. 316, and cases cited; and 15 Am. & Eng. Ency. L. p. 1079, and cases cited.

Petition for new trial granted.

*Charles H. Page and Christopher E. Champlin*, for plaintiff.
*Edwards & Angell*, for defendant.